IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PONCE' D. SPIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-mc-0793 |
| | ) | |
| CHAPLAIN [N/F/N] DAVIDSON, | ) | Judge Sharp |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Ponce' D. Spight, an inmate at the Metro-Davidson County Detention Facility, operated by CCA in Nashville, filed in this Court a form Title VI Discrimination Complaint, alleging that the Chaplain of the Detention Facility discriminated against him on the basis of his religion. This complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

Under the PLRA, the Court is required to dismiss any *in forma pauperis* or prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The complaint in this action alleges only that the plaintiff is a Seventh-Day Adventist who, as a matter of religious conviction, follows a Kosher diet. The plaintiff further states, however, that Chaplain Davidson is "forcing" him to "eat a vegetarian tray with nothing but beans every day" because, according to the plaintiff, "he don't like me or approve of my religion." (ECF No. 1, at 1.) The plaintiff also indicates that he ate a Kosher diet "for a [w]hole year at CCA from 2012 to 2013." (*Id.*) The Court construes this to mean that when he was previously incarcerated at the same facility in which he is presently incarcerated, he was permitted to follow a Kosher diet, with Kosher meat.

The complaint in the present case is subject to dismissal under these standards. As an initial matter, the Court notes that Title VI does not prohibit discrimination on the basis of religion. *See* 42 U.S.C. § 2000d (barring discrimination "on the ground of race, color, or national origin" by any program or activity receiving federal financial assistance). The complaint therefore fails to state a colorable claim under Title VI.

Even if the Court liberally construes as a complaint alleging violations of 42 U.S.C. § 1983 or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), it fails to state a claim. The right to receive a religious diet is not absolute but is subject to reasonable limits in the context of prison regulations. Clearly, "prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010). However, as long as the inmate is provided with food that does not violate his religious convictions, and the diet "is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Id.* A prison inmate simply has no right to choose the items on his menu, including meat that is slaughtered in accordance with Kosher rules. *Cf. Spies v. Voinovich*, 173 F.3d 398, 406 (6th Cir. 1999) (noting that "the fact that Plaintiffs dislike the alternate diet available does not render it unreasonable or legally deficient").

In short, the plaintiff has no constitutional right to meat. In similar cases where Muslim prisoners following a *halal* diet have alleged a violation of their rights as a result of being provided a vegetarian diet instead of a diet that included meat slaughtered in accordance with Islamic tenets, federal courts have uniformly held that a prisoner does not have a constitutional right to eat meat. *See, e.g.*, *Hudson v. Caruso*, 748 F. Supp. 2d 721, 729 (W.D. Mich. 2010) (holding that Muslim plaintiffs following a *halal* diet failed to state a claim under § 1983 or the RLUIPA, where they were provided vegetarian diets that

adequately met their nutritional requirements); *Abdullah v. Fard*, No. 97–3935, 1999 WL 98529 at *1 (6th Cir. Jan. 28, 1999) (where Muslim prisoner alleged that a prohibition against non-*halal* meat was fundamental to his religion, the court found that he could comply with this prohibition by eating vegetarian meals and that his "First Amendment claim fails because the disputed policy did not force him to violate his religion"). *See also Patel v. United States Bureau of Prisons*, 515 F.3d 807, 810–12 & n.8 (8th Cir. 2008) (the prison's meal-plan regulations did not substantially burden a Muslim inmate's free exercise of religion where the inmate had access to only vegetarian entrees, some of which he had to pay for himself); *Watkins v. Shabazz*, 180 F. App'x 773, 775 (9th Cir. 2006) (no RLUIPA violation when prisoners were given alternatives to eating non-*halal* meat such as a nutritionally equivalent meat substitute or finding an outside religious organization to contract with the prison to provide *halal* meat). While the plaintiff may want to have kosher meat entrees rather than beans and vegetarian entrees, his food choices, as a prisoner, are limited. *Hudson*, 748 F. Supp. 2d at 730. The plaintiff's allegations, accepted as true for purposes of this review, fail to establish a violation of his federal rights.

The Court therefore finds, for purposes of the PLRA, that the complaint fails to state a claim for which relief may be granted. The complaint will therefore be dismissed. 28 U.S.C. §§ 1915(e)(2), 19195A. An appropriate order is filed herewith.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge