IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PONCE' D. SPIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-mc-0793 |
| | ) | |
| CHAPLAIN [N/F/N] DAVIDSON, | ) | Judge Sharp |
| | ) | |
| Defendant. | ) | |

### ORDER

Plaintiff Ponce' D. Spight appears to be an inmate at the Metro-Davidson County Detention Facility, operated by CCA in Nashville, based on the return address on the envelope in which he submitted his pleading in this Court. (*See* ECF No. 1-1.) Presently before the Court is a form Title VI Discrimination Complaint filled out by Mr. Spight in which he complains that the chaplain of the Detention Facility has discriminated against him on the basis of his religion (Seventh Day Adventist) and because, as the plaintiff says, "he don't like me!" (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA")

As an initial matter, the Court notes that the plaintiff did not submit either the requisite filing fee or an application to proceed *in forma pauperis* with this complaint. However, the Court takes judicial notice of an application filed by the same plaintiff with a different case before Chief Judge Haynes of this Court two days prior to the filing of this action. The Court granted that application, for good cause shown. *See Spight v. Davidson County Sheriff's Office*, No. 3:14-cv-01287 (Complaint and Application to Proceed *in Forma Pauperis* filed June 11, 2014 and Order granting application and dismissing complaint for failure to state a claim filed June 17, 2014). Because it appears from his submissions in that case that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the Court hereby **GRANTS** leave to proceed *in forma pauperis*, and **DIRECTS** the Clerk to assign a civil action number to this file.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in

installments. Accordingly, the plaintiff is hereby **ASSESSED** the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Warden of the Metro Davidson County Detention Facility to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

Further, for the reasons set forth in the accompanying Memorandum Opinion, the Court finds for or purposes of the initial review required by the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A, that the complaint fails to state a claim for which relief may be granted. The complaint is therefore **DISMISSED**.

It is so **ORDERED**.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge